## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## NORTHERN DIVISION

| | |
|---|---|
| Kawaljit Singh and Rajwant Kaur, d/b/a Liberty Liquor Store<br><br>Plaintiffs,<br><br>v.<br><br>City of Canton, Mississippi<br><br>Defendant. | Cause No.  3:19-cv-518-CWR-LRA<br><br>Complaint for violations of the Fifth and Fourteen Amendments of the U.S. Constitution (unlawful taking of private property); (gross) negligence; and for breaches of the duty of good faith and fair dealing.<br><br>Jury Trial Demanded |

### COMPLAINT

THE PLAINTIFFS, Kawaljit Singh and Rajwant Kaur, d/b/a Liberty Liquor Store, file this civil complaint for money damages and plead as follows:

*JURY TRIAL DEMANDED*

### INTRODUCTION

1.　　　This is a lawsuit about the City of Canton, Mississippi – a political subdivision of the State of Mississippi – issuing to the Plaintiffs a Privilege License to operate a liquor store at 3361 North Street, Canton, Mississippi, on March 23, 2018, but then later, in June of 2018, changing its mind and unlawfully, and unconstitutionally, taking this private property right from the Plaintiffs, via a retroactive "moratorium" on such liquor store Privilege Licenses. This taking of the Plaintiffs' private property rights in June 2018 has caused a cascade of financial harm to the Plaintiffs.

2.      The Plaintiffs bring this civil lawsuit to recover all damages recoverable under the law from the City of Canton for its unlawful, unconstitutional, and tortious taking of the Plaintiffs' private property (both the taking of the Privilege Permit *and* the taking of the real property at issue in this dispute, which has been made worthless to Plaintiffs via this taking), as described in this Complaint.

## PARTIES

3.      The Plaintiffs, Kawaljit Singh and Rajwant Kaur, d/b/a Liberty Liquor Store, are husband and wife who reside in Madison County, Mississippi. They may be served via their counsel in this matter.

4.      The Defendant, the City of Canton, is a municipal subdivision of the State of Mississippi and county seat for Madison County, Mississippi. The City of Canton may be served via its City Clerk.

## JURISDICTION AND VENUE

5.      This Court possesses subject-matter jurisdiction over the claims made in this Complaint based upon federal-question jurisdiction under the Fifth and Fourteenth Amendments to the United States Constitution.

6.      This Court possesses personal jurisdiction over the Defendants in this action based its location within the forum state.

7.      Venue for this dispute properly lies with this Court, as this litigation involves substantial alleged acts or omissions which occurred in Canton, Madison County, Mississippi, located within judicial district of the United States District Court for the Southern District of Mississippi, Northern Division.

## FACTS

8.      In March of 2018, the City of Canton properly issued the Plaintiffs a privilege license to operate a liquor store at 3361 North Street, Canton, Mississippi 39046.

9.      In the alternative, the City of Canton negligently issued this privilege license to the Plaintiffs, which later solely and exclusively caused the Plaintiffs to suffer severe financial injury when this "erroneously issued" Privilege License was unconstitutionally taken from the Plaintiffs by the City of Canton, in June 2018, months after it was issued.

10.     This Privilege License, issued on March 23, 2018, is attached to and incorporated into, this Complaint as Exhibit "1".

11.     Based upon the City of Canton issuing the liquor store Privilege License to the Plaintiffs on March 23, 2018, the Plaintiffs purchased their proposed Liquor Store Property, 3361 North Street in Canton, on or about April 5, 2018.

12.     A copy of the Warranty Deed for the purchase of the Liquor Store Property in Canton in early April 2018 is attached to, and incorporated into, this Complaint as Exhibit "2".

13.     Then, shockingly, after the Plaintiffs had already been issued their liquor store Privilege License by the City of Canton, and after the Plaintiffs incurred significant expenses in buying and preparing the land for their City of Canton-approved liquor store, the City of Canton revoked the Plaintiffs' Privilege License, claiming that it was "erroneously issued" due to a city "moratorium on liquor store permits that purportedly went into effect in "June of 2018."

14.    A letter from the City of Canton Zoning Administrator, Jimmy Smith, describing this unlawful, unconstitutional, and tortious taking of private property by the City of Canton is attached to, and incorporated into, this Complaint as Exhibit "3".

15.    The Plaintiffs' Notice of Claim under the Mississippi Tort Claims Act, personally served upon the City Clerk of the City of Canton on March 29, 2019, is attached to, and incorporated into, this Complaint as Exhibit "4".

16.    As of the writing of this Complaint, the Plaintiffs have suffered at least $160,000 in out-pocket damages for the following: the purchase of the real property that was to serve as the location for Liberty Liquor Store; the cost of having building plans drawn; demolition costs; ABC permit fees; prior attorneys' fees (Greg Giddens and Ed Blackmon); and 2018 property taxes.

17.    Additionally, the Plaintiffs have suffered lost profits damages, new attorney's fees, and other consequential damages as a result of the taking of private property that is at issue in this lawsuit (or, in the alternative, these damages stem from the grossly-negligent issuing of the Plaintiffs' Privilege License on March 23, 2018).

18.    Based upon the facts pleaded in this Complaint, the Plaintiffs are entitled to the relief, described below, for the causes of action, described below:

## CLAIMS

### FIRST CLAIM

### <u>VIOLATIONS OF THE TAKINGS CLAUSE OF THE FIFTH AMENDMENT OF THE UNITED STATES CONSTITUTION, AS APPLIED TO THE STATE OF MISSISSIPPI VIA THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION</u>

19.     Plaintiffs hereby incorporate by reference the preceding paragraphs as if they were fully set forth herein.

20.     The Fifth Amendment's protections against the taking of private property by the federal government have been applied to the states via the Fourteenth Amendment of the U.S. Constitution.

21.     The City of Canton engaged in an unconstitutional taking of the Privilege License that it issued to the Plaintiffs on March 23, 2018, when it later – in June 2018 – revoked this Privilege License from the Plaintiffs to operate their proposed Liberty Liquor Store at 3361 North Street in Canton via the enactment of a so-called "moratorium" on the licensing and construction of any new liquor stores.

22.     Further, when the City of Canton unconstitutionally took the private property Privilege License for the liquor store from the Plaintiffs, the City of Canton also engaged in an unconstitutional taking, without any compensation, of the real property that the Plaintiffs purchased following, and in reasonable reliance of, the prior-issued Privilege License, dated March 23, 2018.

23.     These takings of the Plaintiffs' private property rights violate the Fifth and Fourteenth Amendment rights of the Plaintiffs and give rise to this private right of action for money damages.

## SECOND CLAIM

## (GROSS) NEGLIGENCE

24.      Plaintiffs hereby incorporate by reference the preceding paragraphs as if they were fully set forth herein.

25.      In the alternative, the City of Canton's issuing of the liquor store Privilege License to the Plaintiffs on March 23, 2018, when the City of Canton now claims that its later-enacted "moratorium" on liquor stores prohibited the issuance of such a license (therefore making the issuance "erroneous", according to Ex. 3) back in March of 2018, is an act of (gross) negligence.

26.      If such a "moratorium" had, in fact, been in effect since June of 2018, then it makes no sense that this post-Privilege License "moratorium" would invalidate the Plaintiffs' liquor store Privilege License from March 23, 2018.

27.      Nonetheless, the City of Canton has stripped the Plaintiffs of their Privilege License, already issued, and after the Plaintiffs have incurred major out-of-pocket expenses in reliance on the March 23, 2018, Privilege License.

28.      These actions – whether the "erroneous" issuance of the Privilege License on March 23, 2018; or the unreasonable stripping of this Privilege License via the enactment of the "moratorium" on new liquor stores in the City of Canton – are grossly careless and they have solely and exclusively caused massive financial harm to the Plaintiffs for which they seek recovery in this lawsuit.

## THIRD CLAIM

## <u>BREACHES OF THE DUTY OF GOOD FAITH AND FAIR DEALING</u>

29.     Plaintiffs hereby incorporate by reference the preceding paragraphs as if they were fully set forth herein.

30.     The City of Canton's issuing of the liquor store Privilege License to the Plaintiffs on March 23, 2018, when the City of Canton now claims that its later-enacted "moratorium" on liquor stores prohibited the issuance of such a license (therefore making the issuance "erroneous", according to Ex. 3) back in March of 2018, constitutes violations of the duty of good faith and fair dealing that the City of Canton owed to the Plaintiffs.

31.     These actions – whether the "erroneous" issuance of the Privilege License on March 23, 2018; or the unreasonable stripping of this Privilege License via the enactment of the "moratorium" on new liquor stores in the City of Canton – were actions taken in bad faith against the Plaintiffs and they have solely and exclusively caused massive financial harm to the Plaintiffs for which they seek recovery in this lawsuit.

### PRAYER FOR RELIEF

BASED UPON THE ABOVE FACTS, Plaintiffs request that this Court enter a judgment against Defendant and in favor of Plaintiffs, and award the following relief:

a.     award Plaintiffs appropriate relief, including actual damages, consequential damages, and punitive damages;

b.     award all costs of prosecuting the litigation, including expert fees;

c.     award pre- and post-judgment interest;

d.     award attorneys' fees; and

e.      grant such additional relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs formally demand a trial

by jury as to all claims in this action in which a jury trial is permitted by law.

Dated: July 26, 2019                    Respectfully submitted,

                                        KAWALJIT SINGH and RAJWANT KAUR,
                                        d/b/a Liberty Liquor Store
                                        *Plaintiffs*

                                        By: /s/ Macy D. Hanson
                                            Macy D. Hanson


MACY D. HANSON – MS BAR # 104197
macy@macyhanson.com
THE LAW OFFICE OF MACY D. HANSON, PLLC
THE ECHELON CENTER
102 FIRST CHOICE DRIVE
MADISON, MISSISSIPPI 39110
TELEPHONE: (601) 853-9521